## Day, et al v. Ewen, et al.

(Decided November 2, 1910.)

### Appeal from Breathitt Circuit Court.

Payments—Application of.—D. had a note of $800, secured by mortgage against E., and also a running unsecured store account against the husband of E.   E. collected $2,000 insurance money on the property covered by the mortgage, which she turned over to D.   Held, that under the evidence, this insurance money should first be applied to the payment of the mortgage note and the remainder placed as a credit upon the store account.

O. H. POLLARD for appellants.

J. J. C. BACH, W. W. McGUIRE, FLORENCE McGUIRE and KASH & KASH for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

On January 30, 1901, the appellees Elsie Ewen and her husband B. J. Ewen, executed to Day Brothers Lumber Company their promissory note for $800, due twelve .

months thereafter, and to secure the payment of same gave a mortgage upon four horses, three mules and a house and lot in Jackson, Ky. The house and lot was owned by Mrs. Ewen. Also the horses and mules. In May, 1906, Day Brothers Lumber Company, alleging that it was a corporation, brought suit upon this note, asking that its lien upon the property mentioned to secure its payment be enforced.

B. J. Ewen did not answer, but Mrs. Ewen filed an answer, set off and counterclaim, in which she set up that she was the owner of the property mortgaged, and that at the time she gave the mortgage on the real estate agreed to and did keep the buildings insured for $2,000. That in 1903 the buildings were destroyed by fire, and she gave Day Brothers Lumber Company authority to and they did collect the insurance money, amounting to $2,000, under an agreement that the balance after satisfying the note for $800 should be paid over to her. She made her answer a set off and counterclaim, and asked judgment against Day Brothers Lumber Company for $1,188.30, the surplus of the insurance money left after paying the note.

A reply was filed, averring that at the time the note sued on was executed, Ewen and his wife were running an account at the general store of Day Brothers Company. That both of them were jointly interested in and owed this account, and the note sued on was given in settlement of part of it. That on August 12, 1903, $1,000 was collected from the insurance company, and by the consent and agreement of Mrs. Ewen applied as a payment on the account, and on September 29, 1903, the other $1,000 of the insurance money was collected, and by and with the consent of Mrs. Ewen applied as a payment on the account. That these two payments left a balance due on the account of $103.10, for which amount judgment was prayed.

The account filed with the reply is an account in the name of Day Brothers Company against B. J. Ewen. The first item is January 31, 1901, and the last one August 22, 1905. The total of this account is $16,959.80, with credits including the insurance money amounting to $16,856.70, leaving a balance due of $103.10.

In a rejoinder Mrs. Ewen denied that before or at the time of the date of the note sued on she was running an account at the store of Day Brothers Company, or that she was interested in the account, or that she consented or

agreed that any part of the insurance money might be applied as a credit on the account. This rejoinder was filed in November, 1906.

In October, 1907, Floyd Day, the appellant, tendered his petition to be made a party, and in the petition stated that he was the owner of the note and mortgage sued on, having acquired title to the same and all of the assets of the Day Brothers Lumber Company, and was the owner of the note at the time the insurance policies mentioned were issued, but that by mistake on the part of the attorneys who drafted the petition the action was brought in the name of Day Brothers Lumber Company when in fact it should have been brought in his name as he was the real party in interest, and that he did not discover until the date of this pleading that a mistake had been made.

He further set up that at the time the policies were issued he owned and operated a general store in Jackson under the firm name and style Day Brothers Company and at that time Mrs. Ewen was engaged in operating a hotel in Jackson, and that B. J. Ewen had a logging contract on Lick Branch in Breathitt county; that between February 4, 1901, and January 31, 1906, he furnished to her at her instance and request goods, wares and merchandise of different kinds, of the value of several thousand dollars, that were used by her in the conduct of her hotel and by Ewen in carrying out the logging contract. That at the time he sold, delivered and furnished the items charged in the account, B. J. Ewen was employed by the plaintiff to load lumber by contract for the Day Brothers Lumber Company, and was running an account at plaintiff's store to enable him to carry out his contract. That for convenience of the book-keeper all of the accounts of Mrs. Ewen and B. J. Ewen, her husband, for merchandise sold and delivered to both of them were kept in the name of B. J. Ewen; that when the insurance policies were paid Mrs. Ewen endorsed the drafts received from the companies to him and directed him to credit and apply each of said drafts as a credit on the account, and they were so applied at her request. He prayed that he be substituted as party plaintiff, and for judgment in addition to the $800, for $103.10.

When the case was prepared for trial, a judgment was rendered dismissing the petition of the Day Brothers Lumber Company, as well as the petition of Floyd Day, and giving Mrs. Ewen a judgment against the Day

Brothers Lumber Company for the $2,000 insurance money, less the amount of the mortgage debt. From this judgment Floyd Day and Day Brothers Lumber Company appeal.

It appears from the evidence that Day was at all times the sole owner of Day Brothers Company, and that he was at and before the institution of this suit the owner of the note and mortgage executed by the Ewens. It, therefore, seems evident that there was a mistake in bringing suit on the note in the name of the Day Brothers Lumber Company. It should have been brought in the name of Floyd Day. Beginning in January, 1901, Day Brothers Company, a general mercantile establishment, opened an account with B. J. Ewen, and furnished on this account several thousand dollars worth of goods. A part of the goods charged in this account were purchased by Mrs. Ewen in person to enable her to run a hotel she was conducting, and also to carry on a lumber and logging business for her husband during his absence from home. The evidence on the part of Day shows that when the insurance money was obtained, he credited, with the knowledge and consent of Mrs. Ewen the whole of it on the account of B. J. Ewen with Day Brothers Company, while Mrs. Ewen denies that he had any consent or authority to thus credit this fund, and says that he received it with the understanding that he would retain enough of it to satisfy the mortgage note and pay the balance of it to her. There are several circumstances, however, that strongly corroborate Day's version of this transaction. One thousand dollars of the insurance money was collected in August, 1903. It was paid in a draft that was delivered to Mrs. Ewen, and endorsed by her and delivered over by her to Floyd Day. This one thousand dollars was more than sufficient to pay the amount due at that time on the mortgage note, but yet Mrs. Ewen some months or so afterwards when she received a draft for the other thousand dollars from the insurance company, in like manner turned that over to Day. Manifestly this last draft could not have been surrendered to Day to pay on the mortgage note because if her contention is correct the mortgage note at that time had been satisfied. And so it must have been given to him as a payment on the account. In addition to this, although Mrs. Ewen paid, as she says, two thousand dollars to Day in 1903, with the understanding that he should apply a sufficiency of it to extinguish the mortgage note and return to her

the balance, she did not demand of him the return of the balance of the money or make any effort to collect it from him until this suit was filed, except that on one occasion she had some conversation with an attorney about it. From this evidence we conclude that the insurance money was paid to Day with the understanding that he should out of it satisfy the mortgage note and apply the balance on the account of Day Brothers Company against B. J. Ewen, and a judgment should be entered accordingly.

Upon a return of the case the parties may file such pleadings as they desire, and if B. J. Ewen is before the court and makes no defense, Day may take judgment against him for the balance due on the account. Whether Mrs. Ewen is liable for any part of the balance due on the account is not decided as that question is not before us.

Wherefore the judgment is reversed for proceedings in conformity with this opinion.